RALPH B. TURNER et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 37346.)

Court of Claims, June 18, 1962.

*James H. Glavin, Jr.*, for claimants. *Louis J. Lefkowitz, Attorney-General* (*Joseph A. Romano* of counsel), for defendant.

SIDNEY SQUIRE, J. This case was tried before me at Lake George in Warren County; a Special Term being held thereat pursuant to an order of Presiding Judge FRED A. YOUNG.

The claim for $17,000 was filed on January 5, 1960 and on the same day a copy thereof was served on the Attorney-General. There are involved herein two fee appropriations (Map No. 65, Parcels Nos. 105 and 106), and a "Temporary Easement for moving or raising buildings and improvements, also for highway detour" (Map No. 111, Parcel No. 169).

The takings arose out of the proposed construction of Interstate Route 502-3-1.2 (Glens Falls Bypass), a Federal Interstate Highway project in Warren County. 2.282 ± acres are taken in fee and 0.406 ± acre is affected by the temporary easement.

The notices of partial appropriations with maps and descriptions were filed respectively in the offices of the Department of Public Works of our State on May 20, 1959, the Secretary of State on May 25, 1959 and the Clerk of Warren County on June 4, 1959. The latter date is the legal taking date on which title vested in the defendant and the temporary easement became effective. The temporary easement continued from said date to May 1, 1962.

Claimants' property is in the Town of Queensbury, Warren County, on the north side of Corinth Road. At the time of the takings, it had a frontage of 307 feet on said highway, its easterly and westerly boundaries were 660 feet and 650 feet respectively and the rear line on the north was 130 feet.

The premises were improved by a one-family frame dwelling house, a well, a barn, a shed and a chicken house. The latter two structures were taken and the well's usefulness decimated. The other buildings remained.

Prior to these takings, claimants' highway frontage was the most valuable portion of the land, stretching 307 feet on Corinth Road with unrestricted access for the entire length thereof. The fee appropriation included 233 feet of frontage, reducing the access to only 74 feet, none of which is in front of the house. The fee takings also diminished the depth of this real property. Those respective dimensions of 650 feet and 660 feet became 433.6 feet and 440 feet with a consequent reduction of the entire area, adversely affecting the remainder.

The claimants are the reputed owners of the appropriated property, by virtue of a deed dated and acknowledged on February 1, 1954 and recorded on February 6, 1954 in the office of the

Clerk of Warren County, in Liber 329 of Deeds at page 542, from Forrest J. Crannell and Gertrude West Crannell to both claimants, husband and wife, as tenants by the entirety. This claim has not been assigned and has not been submitted to any other tribunal for audit or determination.

The respective descriptions of the appropriated properties as shown on the afore-recited filed maps (copies of which are attached to the claim) are adopted by me and incorporated herein as though severally repeated verbatim at this point.

It is refreshing to note that the State's appraiser evaluated claimant's improvements in excess of the values voiced by claimants' real estate expert. This is even more significant in the light of their differences as to the land value, where they are over 250% apart.

The temporary easement appropriation caused damages of $715 to the claimants.

On June 4, 1959, at the time of and immediately prior to said appropriations, the fair and reasonable market value of claimants' entire real property was $14,115, composed of $5,215 for the land and $8,900 for the improvements. Immediately after said fee appropriations, the fair and reasonable market value of claimants' remaining real property was $5,015, consisting of $1,490 for the land and $3,525 for the improvements. By reason of said fee appropriations, claimants' loss was $9,100 (composed of $3,725 for and to the land and $5,375 for and to the improvements), for all direct and consequential damages.

Claimants' total damages for the three appropriations were $9,815, for which they are entitled to an award and judgment herein against the defendant, the State of New York, in said amount, with interest thereon from June 4, 1959 to December 4, 1959 and from January 5, 1960 to the date of entry of judgment herein.

The award to the claimants herein is exclusive of the claims, if any, of any person or entity other than owners of the appropriated property, their tenants, mortgagees and lienors having any right or interest in any stream, lake, watercourse, street, road, highway or right of way, or the bed thereof within the limits of the appropriated properties or contiguous thereto, and is exclusive also of claims, if any, for the value or damage to easements and appurtenant facilities for the construction, operation and maintenance of public service electric, telephone, telegraph, pipe and railroad lines.